{¶ 1} Appellants, Kenneth ("Kenneth") and Patricia Reese, appeal from the judgment of the Summit County Court of Common Pleas which granted the motion for summary judgment of Appellee, Hartford Fire Insurance Company. We affirm.
 {¶ 2} On September 12, 2000, Appellants filed a complaint against Appellee[1], seeking declaratory judgment that Kenneth was entitled to uninsured ("UM") and underinsured ("UIM") motorist coverage pursuant toScott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, under the alleged insurance policy issued to Kenneth's employer, United Technologies Corporation ("UTC"). Thereafter, Appellants filed a motion for summary judgment requesting a declaration of coverage under the alleged insurance policy. Appellee responded in opposition and also filed a motion for summary judgment which was opposed by Appellants.
 {¶ 3} On February 5, 2003, the trial court granted summary judgment, in favor of Appellee, upon determining that UTC was self-insured. Appellants timely appealed raising two assignments of error, which have been consolidated to facilitate review. Appellee's cross-assignment of error is not addressed.
 ASSIGNMENT OF ERROR I
"The [t]rial [c]ourt erred in ruling that UTC qualified as a self-insurer under the dictates of Ohio statutory and common law."
 ASSIGNMENT OF ERROR II
"The [t]rial [c]ourt erred in ruling that [Appellee] as the subject insurer did not retain responsibility (i.e., risk of loss) under the [p]olicy for express uninsured and underinsured coverage."
 {¶ 4} In their assignments of error, Appellants maintain that the trial court erred in granting summary judgment in favor of Appellee. More specifically, Appellants assert that the trial court improperly concluded that UTC was self-insured because UTC retained the risk of loss under the agreement. Appellants' assertion lacks merit.
 {¶ 5} Pursuant to Civ.R. 56(C), summary judgment is proper if: "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327. An appellate court reviews a trial court's granting of summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105; Klingshirn v. Westview Concrete Corp. (1996),113 Ohio App.3d 178, 180. Any doubt is to be resolved in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7,12.
 {¶ 6} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and is to identify portions of the record that demonstrate the absence of genuine issues of material fact as to an essential element of the non-moving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The burden will then shift to the non-moving party to offer "specific facts showing that there is a genuine issue for trial." Id. See, also, Civ.R. 56(E). The non-moving party may not rest on the mere allegations and denials in the pleadings, but must submit some evidentiary material showing a genuine dispute over the material facts. Dresher, 75 Ohio St.3d at 293.
 {¶ 7} In their complaint, Appellants allege that Kenneth is an insured under the contract between Appellee and UTC and is therefore entitled to UM/UIM coverage. We disagree.
 {¶ 8} The version of R.C. 3937.18 which was in effect at the time of the effective date of the contract required insurers to offer UM/UIM coverage with every automobile liability policy issued in Ohio. The failure to do so would result in the automatic extension of such coverage to the insured by operation of law. See Gyori v. Johnston Coca-ColaBottling Group, Inc. (1996), 76 Ohio St.3d 565, 567. The agreement at issue in this case does not contain any UM/UIM motorists coverage. Coverage would therefore arise by operation of law if R.C. 3937.18 was applicable.
 {¶ 9} However, the UM/UIM provisions of R.C. 3937.18 do not apply to self-insurers or financial responsibility bond principals. GrangeMut. Cas. Co. v. Refiners Transport Terminal Corp. (1986),21 Ohio St.3d 47, syllabus. A company may become self-insured by submitting proof of financial responsibility by filing a surety bond, as provided in R.C. 4509.59, or a certificate of self-insurance, as provided in R.C. 4509.72. R.C. 4509.45(C). We note, however, that the failure to comply with the statutory requirements of R.C. 4509.45(C) is not determinative of whether a company is self-insured. Landers v. LucentTechnologies, Inc., 8th Dist. Nos. 81506 and 81531, 2003-Ohio-3657. See, also, Grange, 21 Ohio St.3d at 49. In Grange, the Ohio Supreme Court determined that even though a corporation had not complied with the filing requirements of R.C. 4509.45, Ohio's proof-of-financial-responsibility statute, the corporation was nonetheless self-insured "in the practical sense" because the corporation "was ultimately responsible under the term of its bond either to a claimant or the bonding company in the event the bond company paid any judgment claim." Grange, 21 Ohio St.3d at 49. Thus, whether an entity is deemed self-insured depends on which party ultimately bares the risk of loss; the risk of loss never leaves a self-insurer. Hans v. Hartford Ins. Co., 1st Dist. No. C-020500, 2003-Ohio-3045, at ¶ 6; Kohntopp v. HamiltonMut. Ins. Co., 6th Dist. No. WD-02-033, 2003-Ohio-2793, at ¶ 11.
 {¶ 10} We acknowledge that Grange did not involve the exact scenario as in the case at hand; the contract between UTC and Appellee is a "fronting" or "matching deductible" agreement with equal deductible and liability limits. A fronting agreement is "a method of administering insurance claims by `renting an insurance company's licensing and filing capabilities in a particular state or states.'" Kohntopp at ¶ 13-14, quoting Grubb v. Michigan Mut. Ins. Co., 2nd Dist. No. 19575,2003-Ohio-1558, at ¶ 19. Nonetheless several Ohio districts have held that despite a company's failure to comply with R.C. 4509.45 it may be self-insured in the "practical sense," unless the fronting agreement ultimately shifts the risk of loss to the insurance company. Hans at ¶ 8; Lafferty v. Reliance Ins. Co. (S.D.Ohio 2000), 109 F. Supp.2d 837,842, 844; Hellman v. Motorists Mut. Ins. Co., 3rd Dist. No. 12-02-24,2003-Ohio-2671, at ¶ 22; Adams v. Fink, 4th Dist. No. 02CA2660,2003-Ohio-1457, at ¶ 15-16; Delong v. Myers, 5th Dist. No. 02CA000035, 2003-Ohio-2702, at ¶ 16; Kohntopp at ¶ 16;Cincinnati Ins. Co. v. Torok, 152 Ohio App.3d 398, 2003-Ohio-1764, at ¶ 19; Landers, supra. Although the Sixth Appellate District has certified to the Ohio Supreme Court that the courts of appeal are in conflict regarding "whether fronting agreements constitute self-insurance for the purposes of UM/UIM coverage under R.C. 3937.18 and the application of Scott-Pontzer[,]" this Court will follow the law of Grange
until the issue has been resolved. See Hans at ¶ 9. Thus, we must look to determine whether the risk of loss remained with the so-called insured. See Grange, 21 Ohio St.3d at 49; Hartfield v. Toys "R" Us, 6th Dist. Nos. L-02-1218 and L-02-1228, 2003-Ohio-2905, at ¶ 29.
 {¶ 11} Pursuant to the fronting agreement in the instant case, Appellee was required to provide services such as the defense and adjustment of claims. The unrebutted evidence presented indicates that UTC is obligated to promptly reimburse Appellee for any amounts paid by Appellee under the contract. This obligation was secured by a "clean, irrevocable letter of credit naming [Appellee] as beneficiary." As R.C.1305.05 provides that an issued letter of credit can only be modified or revoked with the consent of the beneficiary, we conclude that the risk of loss never shifted from UTC to Appellee. See Hans at ¶ 12; MantuaMfg. Co. v. Commerce Exchange Bank, 75 Ohio St.3d 1, 4.
 {¶ 12} Thus, we conclude that UTC was self-insured. See Hans at ¶ 12. Although Appellee did not comply with the express requirements of R.C. 4509.45(E) by filing a certificate of self-insurance, we follow the appellate districts which have held that a corporation is a self-insurer in the practical sense under a fronting agreement. Thus, the contract is not subject to the UM/UIM requirements of former R.C. 3937.18, and no UM/UIM coverage exists for Appellants. See Hans at ¶ 12;Kohntopp at ¶ 18. Accordingly, the trial court did not err in granting Appellee's motion for summary judgment. Appellants' first and second assignments of error are overruled.
 CROSS-ASSIGNMENT OF ERROR
"The trial court erred in failing to find that [Appellee's] policy is governed by Connecticut law."
 {¶ 13} Appellee claims that the trial court committed error when it did not apply Connecticut law when interpreting the contract. As this issue has been rendered moot by our disposition of Appellants' assignments of error, it need not be addressed further by this Court. See App.R. 12(A)(1)(c).
 {¶ 14} Appellants' assignments of error are overruled. Appellee's cross-assignment of error has not been addressed. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
BATCHELDER, J. CONCURS
[1] We note that William and Roy Suek were also named as defendants in the original complaint. However, on February 7, 2001, Appellants dismissed the complaint against the Sueks with prejudice.